UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES ROBERT MOSS                                              PETITIONER

v.                                        CIVIL ACTION NO. 5:19CV-P44-TBR

DANIEL AKERS                                                     RESPONDENT

**MEMORANDUM OPINION**

Petitioner Charles Robert Moss filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Moss to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. Moss responded to the Court's Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The petition and attachments show that Moss was convicted on June 7, 2002, upon pleading guilty in Ballard Circuit Court to three counts of use of a minor in a sexual performance, three counts of unlawful transaction with a minor, three counts of sexual abuse, and two counts of criminal abuse. He was sentenced to 50 years' imprisonment.

According to the Kentucky Court of Appeals opinion in *Moss v. Commonwealth*, No. 2006-CA-2096-MR, 2008 Ky. App. Unpub. LEXIS 221 (Ky. Ct. App. Feb. 8, 2008), Moss did not file a direct appeal. He filed a motion to vacate his sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 on June 10, 2005, which the trial court denied on September 5, 2006. Moss appealed, and the Court of Appeals affirmed the denial on February 8, 2008. *Id.* at *11. Thereafter, Moss filed numerous post-conviction motions in state court, including a

motion for shock probation, five Kentucky Rule of Civil Procedure 60.02 motions, and a petition for writ of mandamus. *See Moss v. Commonwealth*, No. 2017-CA-212-MR, 2018 Ky. App. Unpub. LEXIS 262, at *2 (Ky. Ct. App. May 4, 2018).

Moss filed the instant petition for a writ of habeas corpus in this Court on March 27, 2019.[1]

## II. ANALYSIS

Because Moss's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). However, the petition does not identify the date Moss presented it to prison officials for mailing but indicates that Moss signed the petition on March 27, 2019 (DN 1, p. 23). The Court will therefore consider that date as the date the petition was filed under the mailbox rule.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Moss did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Moss's conviction became final on July 8, 2002, at the expiration of the thirty-day period for filing an appeal. *See* Ky. R. Crim. P. 12.04. Thus, Moss had until July 8, 2003, to file a petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244(d)(2)). Moss did not file the instant habeas petition before July 8, 2003, nor did he have any time-tolling collateral action pending during that time period.

Moss did file the first of many post-conviction motions on June 10, 2005. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005)

(observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality") (citing *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). Moss's RCr 11.42 was filed on June 10, 2005, approximately two years after the statute of limitations expired. By the time he filed that motion, there was nothing left of the federal habeas one-year statute of limitations to toll.

Therefore, Moss's § 2254 petition seeking a writ of habeas corpus from this Court, filed nearly sixteen years after the expiration of the statute of limitations, is time-barred and subject to summary dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Moss filed a response to the Show Cause Order, in which he largely makes arguments that are not relevant and cites to case law that is not binding on this Court. He also refers to being actually innocent, and he states that he has the intellectual capacity of a fourth grade student and "could not have been expected to understand the legal ramification of what was going on in the court room."

4

Moss fails to demonstrate that extraordinary circumstances prevented him from timely filing his habeas petition. With regard to equitable tolling on the basis of actual innocence, "the threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 317, (1995)). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324). Moss does not argue any "new facts" or present "new reliable evidence" that was not presented at trial. Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

Moreover, with regard to Moss's stated lack of education, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Further, ignorance of the law alone does not constitute extraordinary circumstances justifying the application of equitable tolling. *See Griffin v. Rogers*, 399 F.3d at 637 (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing") (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for

5

extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer").

For these reasons, the Court concludes that Moss is not entitled to equitable tolling and that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Moss appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: October 22, 2019

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.010